IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

------------------------------------------------------------X
                                                      )
                                                      )   No. 3:03-0546
IN RE CENTRAL PARKING CORPORATION   )   Consolidated Cases
SECURITIES LITIGATION   )   Judge Campbell
                                                      )
------------------------------------------------------------X

## SUPPLEMENTAL SETTLEMENT DISTRIBUTION ORDER

WHEREAS, the above-captioned class action (the "Action") was settled (the "Settlement") pursuant to the terms and conditions of the Stipulation of Settlement, dated March 31, 2005 (the "Settlement Agreement"), on behalf of a Settlement Class consisting of all purchasers of Central Parking Corporation ("Central Parking") common stock during the period from February 5, 2002 through February 13, 2003 (the "Class Period"). Excluded from the Settlement Class are such persons or entities who submitted valid and timely request for exclusion from the Settlement Class; such persons or entities who settled an actual or threatened lawsuit or other proceeding with Central Parking and released Central Parking from any further claims concerning their purchase or other acquisition of Central Parking securities during the Class Period; Defendants, Family Members of the Individual Defendants, and any entity in which any defendant has or had a controlling Interest during the Class Period or the legal representatives, heirs, executors, successors, or assigns of each excluded entity defendant; or any directors or officers of Central Parking during the Class Period; and

WHEREAS, this Court held a hearing on the fairness of the terms and conditions of the Settlement on June 10, 2005, at which time all Settlement Class members were provided with an opportunity to be heard; and

554100

WHEREAS, the Order Approving Class Action Settlement (the "Settlement Order") and Plan of Allocation and the Final Judgment (the "Final Judgment") entered by this Court on June 10, 2005, approved the Settlement, finding, *inter alia*, that the Settlement was fair, reasonable and adequate to the Settlement Class and its members and that the notice to the Settlement Class satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure and due process; and

WHEREAS, the Settlement Order awarded counsel for plaintiffs ("Plaintiffs' Counsel") out of the $4,850,000.00 Settlement Fund $1,616,505.00 in fees and $156,104.96 in expenses. Additionally, The Garden City Group, Inc. ("GCG"), the claims administrator, has been paid $143,981.37 out of the Settlement Fund, as provided in Section II, Paragraph (A)(1)(b) of the Settlement Agreement. Accordingly, after the deduction of fees and expenses, the principal amount of the Settlement Fund available for distribution was $2,933,253.67, plus interest (the "Net Settlement Fund"); and

WHEREAS, this Court reserved continuing and exclusive jurisdiction over the parties and the Settlement Class members, without in any way affecting the finality of the Settlement Order and the Final Judgment, for all matters relating to this Action, including the administration, consummation, interpretation, effectuation or enforcement of the Settlement Agreement and the Settlement Order and the Final Judgment, and for any other reasonably necessary purpose, including any application for fees and expenses incurred in connection with administering and distributing the Net Settlement Fund to the members of the Class ("Authorized Claimants") (Order ¶17); and

WHEREAS, between 2005 and 2008, Plaintiffs' Counsel and GCG completed all steps required for the administration, review, processing and validation of claims set forth in the

Settlement Agreement, and calculated, pursuant to the terms of the plan of allocation set forth in the Settlement Agreement and approved by this Court, the number of valid and complete Proof of Claim forms submitted, and the total Recognized Loss (as that term is defined in Section VI, paragraph 4 of the Notice of Pendency of Class Action, Proposed Settlement and Settlement Hearing (the "Notice")) for each Authorized Claimant; and

WHEREAS, after the Net Settlement Fund was transferred on January 9, 2008 into an interest-bearing U.S. Treasury Fund account at Signature Bank, where it remains today, ready for distribution to Authorized Claimants, Plaintiffs' Counsel and GCG reported to this Court in July 2008 in the Affidavit of Stephen Cirami of GCG (the "Cirami Affidavit") on the administration, review, processing, validation and calculation of claims, and provided a final report listing all valid and complete claims, with the Recognized Loss for each, and all rejected claims with the reason for each rejection; and

WHEREAS, upon application by Plaintiffs' Counsel, the Court entered a Settlement Distribution Order on July 23, 2008, approving distribution of the Net Settlement Fund pursuant to the terms and conditions of the Settlement Agreement; and

WHEREAS, on May 28, 2009, the Court received a submission under seal from the Bramlett Law Offices, local counsel for plaintiffs, which included an Affidavit of Peter C. Harrar (the "Harrar Affidavit") of Wolf Haldenstein Adler Freeman & Herz LLP ("Wolf Haldenstein"), one of Plaintiffs' Counsel, that set forth certain information, as set forth below; and

WHEREAS, the Harrar Affidavit describes how, after months of efforts to obtain tax information required to finalize distribution of the Settlement Fund from co-lead counsel Cauley Bowman Carney and Williams PLLC ("Cauley Bowman"), which had been primarily

involved in overseeing the escrow account into which the Settlement Fund had been deposited at Centennial Bank in Little Rock, Arkansas (before its transfer to Signature Bank), Wolf Haldenstein became concerned when it learned in May 2009 that Gene Cauley, Cauley Bowman's former principal, was under criminal investigation concerning the misappropriation of settlement funds in the *BISYS Securities Litigation* (Case No. 04-CV-3840 (JSR)), a class action pending in the United States District Court for the Southern District of New York; and

WHEREAS, as the Harrar Affidavit details, Mr. Harrar, upon inquiry to Centennial Bank about the *Central Parking* escrow account, for which the account opening agreement had required the signatures of both Mr. Cauley and Mr. Harrar for any transfers out of it, discovered in May 2009 that improper and unauthorized transfers were made in 2005 and 2006 out of the account without Mr. Harrar's knowledge, permission or signature; and

WHEREAS, as the Harrar Affidavit sets forth, while the net unauthorized withdrawals by or on behalf of Cauley Bowman totaled $1,327,216.96, deposits back into the account were made by or on behalf of Cauley Bowman, up through and including January 8, 2008, totaling $1,346,547.91, which was $19,330.95 more than had been taken out of the account; and

WHEREAS, as the Harrar Affidavit describes, the sum of $3,045,055.55, the entire amount remaining in the escrow account, and which was $111,801.88 more than the principal amount remaining in the Settlement Fund after payment of attorney's fees and settlement administration expenses, was transferred on January 9, 2008 by Cauley Bowman from Centennial Bank to Signature Bank; and

WHEREAS, the Harrar Affidavit describes how a Wolf Haldenstein in-house fiduciary accountant calculated what the Centennial Bank account would have earned in interest

554100

4

Case 3:03-cv-00546   Document 136   Filed 09/11/09   Page 4 of 11 PageID #: 307

(based on the rates shown on the monthly Centennial Bank account statements provided to Mr. Harrar in May 2009), assuming all authorized payments were made on the dates they were authorized and no unauthorized payments were made; the accountant calculated that the account would have earned interest of $142,870.55 as of January 8, 2008, which was $31,068.67 more than the total interest actually appearing in the account as of that date; and that netting out that the $24,203.34 in custodial fees charged by the bank results in a net short fall of $6,865.53 from the expected interest earned; and

WHEREAS, on June 2, 2009, the Court received an Affidavit from Allen Carney of Carney Williams Bates Bozeman & Pulliam, PLLC ("Carney Williams"), comprised of lawyers formally in the employ of Cauley Bowman, that stated that Cauley Bowman had been wholly owned by Mr. Cauley and that Carney Williams, since none of its employees were signatories on the Centennial Bank escrow account, had no financial or tax records in its possession relating to the Settlement Fund; that no member or employee of Carney Williams had any knowledge of any unauthorized disbursements from the Settlement Fund until receiving copies of the bank records that Mr. Harrar had obtained from Centennial Bank in May 2009; and that Carney Williams would assist in the inquiry to the extent possible; and

WHEREAS, Wolf Haldenstein has also reported to the Court that it discovered in May 2009, despite prior representations it had received to the contrary, that no tax returns had been filed for the Settlement Fund; and

WHEREAS, working with a tax accountant, Wolf Haldenstein in July 2009 obtained a taxpayer identification number for the Settlement Fund and prepared and filed tax returns to the Internal Revenue Service for 2005, 2006, 2007, and 2008, that showed that as the

554100                                5
Case 3:03-cv-00546   Document 136   Filed 09/11/09   Page 5 of 11 PageID #: 308

interest income for those years was offset by the administrative expenses paid to GCG, there were no taxes owed or penalties to be assessed for late filings; and

WHEREAS, on July 24, 2009, the Bramlett Law Offices provided the Court with copies of the tax returns filed on behalf of the Settlement Fund and informed the Court that Mr. Cauley had pled guilty to two felonies in the *BISYS* matter; and

WHEREAS, the sum of $6,936.47 has been deposited into the Signature Bank escrow account, representing the $6,865.53 shortfall calculated above, plus interest that would have been earned to date had that additional principal amount been in the Signature Bank account from January 9, 2008 on; accordingly, as of ~~August 12~~ September 10, 2009, ~~$3,083,456.93~~ $3,083,483.90 remains *PCH* available for distribution to the Class; and

WHEREAS, Wolf Haldenstein has provided the United States Attorney's office for the Southern District of New York, which is responsible for the criminal investigation and prosecution of Mr. Cauley in the *BISYS* matter, with copies of the materials submitted *in camera* on May 28, 2009; and

WHEREAS, Wolf Haldenstein and Carney Williams have provided notice to defendants, Mr. Cauley and the aforementioned United States Attorney's office of the application for entry of this Supplemental Settlement Distribution Order; and

WHEREAS, this Court has duly considered all the submissions presented with respect to the foregoing,

GOOD CAUSE APPEARING, THE COURT HEREBY ORDERS, FINDS, CONCLUDES, ADJUDGES AND DECREES THAT:

1. In light of the foregoing, including the submissions made by the Bramlett Law Offices, Wolf Haldenstein and Carney Williams, the Court finds that the aforementioned

counsel have made reasonable efforts to (a) investigate and reconcile the transfers into and out of the Settlement Fund; (b) resolve all open issues with the tax status of the Settlement Fund; and (c) provide ample notice to interested parties of the aforedescribed efforts and the application for entry of this Order. Accordingly, there being no just reason for further delay, the Court authorizes and directs that GCG effect distribution of the Net Settlement Fund pursuant to the July 23, 2008 Order and this Order.

2. The Court reaffirms its finding in the July 23, 2008 Order that the procedures and methods utilized in the administration of the Settlement and the review, processing, validation and calculation of claims submitted by Claimants fully complied with the notice and administration provisions and the plan of allocation set forth in Section VI, paragraph 4 of the Notice and as approved by this Court in the Settlement Order and the Final Judgment, as well as its allowance and disallowance of claims as set forth in paragraphs 3 and 5 and the releases and discharges provided for in paragraph 12 of the July 23, 2008 Settlement Distribution Order.

3. The Court directs Wolf Haldenstein, together with GCG, to continue administration of the Settlement pursuant to the Settlement Agreement, the Final Judgment, the July 23, 2008 Settlement Distribution Order (including paragraphs 4, 7, 8, 10, 11 and 13 thereof) and this Order.

4. This Order is final for purposes of appeal and may be appealed notwithstanding other matters presently pending, and the Clerk is hereby directed to enter judgment thereon. Certification under Rule 54(b) of the Federal Rules of Civil Procedure will not result in unnecessary appellate review nor will review of the adjudicated claims moot any further developments in this Action. Even if subsequent appeals are filed, the nature of those claims is

such that the appellate court would not have to decide the same issues more than once. The reservation of jurisdiction by this Court in this matter does not affect in any way the finality of this Order.

5. This Court continues to reserve jurisdiction over all matters relating to the consummation of the Settlement in accordance with the Settlement Order and the Final Judgment.

Dated: 9\11, 2009

HONORABLE TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE

SUBMITTED BY:

BRAMLETT LAW OFFICES

By: s/*Paul Kent Bramlett*
    Paul Kent Bramlett #7387
2400 Crestmoor Road
P.O. Box 150734
Nashville, TN 37215-0374
Telephone: (615) 248-2828
Facsimile: (615)254-4116
E-mail: PKNASHLAW@aol.com

WOLF HALDENSTEIN ADLER
 FREEMAN & HERZ LLP
Daniel W. Krasner
Peter C. Harrar
Thomas H. Burt
270 Madison Avenue
New York, NY 10016
(212) 545-4600
Harrar@whafh.com
Isquith@whafh.com
Krasner@whafh.com

*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

This is to certify that I have this date filed the attached [proposed] ORDER through the ECF filing system. All attorneys on the ECF system have been served with copies of these pleadings through the ECF system, and those not on the ECF system have been served via U. S. Mail and/or e-mail, as follows:

Glenn B. Rose
**Harwell Howard Hyne Gabbert & Manner, P.C.**
315 Deaderick St., Suite 1800
Nashville, TN 37238
(615) 256-0500
gbr@h3gm.com

Jonathan R. Tuttle
**Debevoise & Plimpton LLP**
555 13th Street NW, Suite 1100E
Washington, DC 20004
(202) 383-8000
jrtuttle@debevoise.com

Matthew M. Curley
**Bass, Berry & Sims**
AmSouth Center
315 Deaderick St., Suite 27090
Nashville, TN 37238-3001
(615) 742-6200
mcurley@bassberry.com

Michael L. Dagley
**Bass, Berry & Sims**
AmSouth Center
315 Deaderick St., Suite 27090
Nashville, TN 37238-3001
(615) 742-6200
mdagley@bassberry.com

Jody E. O'Brien
**Bass, Berry & Sims**
AmSouth Center
315 Deaderick St., Suite 27090
Nashville, TN 37238-3001
(615) 742-6200
jobrien@bassberry.com

Scott Nathan Auby
**Debevoise & Plimpton**
555 13th Street, NW
Washington, DC 20004
(202) 383-8000
snauby@debevoise.com

David A. Rosenfeld
**Coughlin, Stoia, Geller, Rudman & Robbins, LLP**
58 S Service Road, Suite 200
Melville, NY 11747
(631) 367-7100
(631) 367-1173 (fax)
drosenfeld@csgrr.com

Kevin H. Sharp
**Drescher & Sharp, P.C.**
1720 West End Ave., Suite 300
Nashville, TN 37203
(615) 425-7113
ksharp@dsattorneys.com

William J. Stellmach, Esq.
**Assistant United States Attorney**
Southern District of New York
One St. Andrews Plaza
New York, NY 10007
(212) 637-2200

John Wesley Hall, Jr.
1311 Broadway
Little Rock, AR 72202-4843
(501) 371-9131
ForHall@aol.com

**SO CERTIFIED** this 11TH day of **SEPTEMBER, 2009.**

<u>/s/ *Paul Kent Bramlett*</u>
**PAUL KENT BRAMLETT**